# Exhibit C



600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

April 2, 2020

Jennifer J. Bruton
T 202-344-8508
F 202.344.8300
JJBruton@venable.com

**VIA OVERNIGHT DELIVERY SERVICE AND EMAIL**

Seagis JFK LLC
One Tower Bridge
100 Front Street, Suite 350
West Conshohocken, PA 19428
Attention: Charlie Lee

Re:   **Notice of Default** in connection with lease between Seagis JFK, LLC, as landlord ("Landlord"), and SSP America, Inc., as tenant ("SSP"), for approximately 24,440 rentable square feet of floor area (the "Premises") located at 165-35 145th Drive, Jamaica, NY (as amended, the "Lease")

Dear Mr. Lee:

We continue to represent SSP in connection with the aforementioned Lease. All capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Lease.

As set forth in our letters of June 10, 2019 and September 16, 2019, copies of which are attached, there have been ongoing issues with respect to the Premises since SSP signed the Lease in December, 2018. As of the date hereof, there remain significant and continuing issues, including but not limited to leaks from both the roof and slab of the Building. This letter shall serve as a formal **Notice of Default** of Landlord's obligation under the Lease to keep the "structure of the Building, including, without limitation, exterior walls, slab and roof of the Building" "in good repair and working order as a prudent owner" at "Landlord's sole cost and expense." Lease, § 7.1. As set forth in our prior correspondence and set forth herein, Landlord's breach of its obligations under Section 7.1 of the Lease, include, but are not limited to, failure to repair and maintain the roof and slab of the Building, resulting in leaks in the roof and the cracks in the slab of the Building. Such breaches have caused SSP to suffer extensive damages, the full extent of which SSP is still investigating.

SSP first started using the Premises in May, 2019, and almost immediately SSP discovered significant issues with the Building that caused and continue to cause SSP significant harm. For example, as you are aware, since at least mid-May, 2019, the Building has had significant water leaks from the roof that have caused extensive damage to SSP and hindered SSP's quiet enjoyment of the Premises in breach of Landlord's obligations under Sections 7.1 and 19.3 of the Lease. Moreover, as a consequence of the leaks, mold developed in the Premises causing additional damage to SSP. Maintenance of the roof and remediation of the mold are Landlord's responsibilities pursuant to Section 7.1 of the Lease. Further, SSP has discovered there is still mold in the Premises. The mold has prevented SSP from operating at the Premises as intended and contributed to SSP's partial constructive eviction. SSP hereby demands Landlord comply with its obligations in a prudent and timely manner.



In addition, since at least December, 2019, the Building has had significant cracks in the slab that have caused extensive damage to SSP and hindered SSP's quiet enjoyment of the Premises, in breach of Landlord's obligations under Sections 7.1 and 19.3 of the Lease. Maintenance of the slab is Landlord's responsibility pursuant to Section 7.1 of the Lease. The cracks have prevented SSP from operating at the Premises as intended and absent prompt remedy will result in SSP's complete constructive eviction. SSP hereby demands Landlord comply with its obligations in a prudent and timely manner.

The Landlord's failure to maintain the roof and slab in good repair has caused extensive damage to SSP, and to the Premises generally. The full extent of the damage, including any resultant damage to other portions of the Premises and SSP's property, is still under investigation. SSP reserves all rights to seek redress for such damage. As a result of Landlord's failure to maintain the roof and slab as required under the Lease, and the resulting damage, SSP is unable to use the Premises and it has ceased operations, save for some limited operations from limited portions of the Premises. Landlord's failure to comply with its obligations in a prudent and timely manner will prevent SSP from operating in any portion of the Premises and result in SSP's complete constructive eviction.

SSP continues to investigate the extent of the issues with the Building and reserves all rights to identify additional issues and defaults by Landlord, including, but not limited to, Landlord's failure to have completed all or any portion of the work described on Exhibit B of the Lease, in violation of Section 1.2.

Based on the foregoing, SSP hereby notifies Landlord that, as a result of the issues with the mold and slab referenced above, Landlord is in default under the Lease and SSP will be constructively evicted because it cannot use the Premises for its operations as a result of these issues. Commencing with the next due payment on April 1, 2020, SSP will reserve all rental payments until the repairs are complete or, to the extent SSP chooses to perform the work on behalf of Landlord, as a set off against the cost of the work and all other damages, costs and expenses that have been incurred by SSP as a result of Landlord's default and other wrongdoing.

SSP hereby reserves any and all rights it may have under the Lease or otherwise, at law or in equity with respect to the foregoing matters, including but not limited to, its right to terminate the Lease, seek damages for Landlord's defaults, as well as all other costs, expenses and damages that have been incurred by SSP as a result of Landlord's default and/or other wrongdoing. Nothing in this letter shall be construed to waive any right or remedy of SSP, all of which are hereby reserved.

# VENABLE LLP

Seagis JFK LLC
April 2, 2020
Page 3

      Finally, in accordance with Section 14.3 of the Lease and the Subordination, Non-Disturbance and Attornment Agreement, a copy of this Notice of Default is being provided to JP Morgan Chase Bank, N.A., which we understand to be Landlord's current Mortgagee.

Sincerely,

*Jennifer J. Bruton*

Jennifer J. Bruton

Attachments

cc to:   JP Morgan Chase Bank, N.A. (via registered mail)
Attn: Post Closing
P.O. Box 9011
Coppell, Texas 75019-9011

JP Morgan Chase Bank, N.A. (via overnight courier)
Attn: Portfolio Administration - Transactions
P.O. Box 9178
Coppell, Texas 75019-9178

Steve Pron, Seagis Property Group Senior Vice President (via email), spron@seagisproperty.com
Jag Singh, SSP General Counsel (via email), jag.singh@foodtravelexperts.com
Paul Loupakos, SSP Vice President of Development (via email), paul.loupakos@foodtravelexperts.com
Pat Murray (via email), SSP Executive Vice President patrick.murray@foodtravelexperts.com


600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

Jennifer J. Bruton
T 202-344-8508
F 202.344.8300
JJBruton@venable.com

June 10, 2019

Seagis JFK LLC
One Tower Bridge
100 Front Street, Suite 350
Conshohocken, PA 19428
Attention: Charlie Lee

Re: Lease between Seagis JFK, LLC, as landlord ("Landlord"), and SSP America, Inc., as tenant ("SSP"), for approximately 24,440 rentable square feet of floor area (the "Premises") located at 165-35 145th Drive, Jamaica, NY (the "Lease")

Dear Mr. Lee:

We represent SSP in connection with the aforementioned Lease and are writing in reference to the ongoing issues that have arisen with respect to the Premises since SSP took possession in December, 2018. It is vital to SSP's operations that a strong partnership exist between it and Landlord, and Landlord's handling of these issues to date has caused a great deal of concern about the viability of the Premises to support SSP's operations going forward.

As you are aware, severe leaks in the roof of the Premises, together with the recent discovery of a significant amount of mold caused by such leaks, have resulted in the need for extensive repairs at the Premises and prevented SSP from commencing operations in the Premises on June 1, 2019 as originally planned. Prudent management of this property would have alerted Landlord to the significant state of disrepair of the roof earlier than January, 2019. Notwithstanding that SSP notified Landlord of the roof leaking in January, Landlord did not prepare an RFP for roof repair bids until early May and did not commence replacement of the roof until mid-May.

Maintenance of the roof is Landlord's responsibility pursuant to Section 7.1 of the Lease, and Landlord's failure to comply with this obligation in a prudent and timely manner, including the related significant mold remediation which was recently performed, have prevented SSP from commencing operations at the Premises, thereby constituting constructive eviction. Accordingly, SSP demands an abatement of June's Monthly Base Rent (as defined in the Lease). In that June's rent was prepaid at the time of the Lease execution, this abatement will be taken in lieu of the payment of July's rent. Further, Landlord's offer to abate rent in January, 2020 while simultaneously increasing the lease term is not an appropriate or meaningful offer given these circumstances, and underscores Landlord's fundamental failure to understand its obligations under the Lease.



600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

In addition, the cost of the mold remediation is Landlord's responsibility, in that it is a pre-existing Hazardous Material (as defined in the Lease) and resulted from Landlord's failure to appropriately maintain the roof as required pursuant to the Lease. As such, the costs of remediating the same are Landlord's responsibility under both Section 18.7 of the Lease as well as under Section 19.1.

SSP hereby reserves all rights it may have under the Lease, at law or in equity with respect to the foregoing matters.

Please contact me immediately to resolve these issues.

Sincerely,

Jennifer J. Bruton

Copy to:

    Jag Singh, SSP General Counsel
    Paul Loupakos, SSP Vice President of Business Development
    Steve Pron, Seagis Senior Vice President
    Robert Cameron, Seagis Counsel



600 MASSACHUSETTS AVE., NW  WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

September 16, 2019

Jennifer J. Bruton
T 202-344-8508
F 202.344.8300
JJBruton@venable.com

Seagis JFK LLC
One Tower Bridge
100 Front Street, Suite 350
Conshohocken, PA 19428
Attention: Charlie Lee

Re:  Lease between Seagis JFK, LLC, as landlord ("Landlord"), and SSP America, Inc., as tenant ("SSP"), for approximately 24,440 rentable square feet of floor area (the "Premises") located at 165-35 145th Drive, Jamaica, NY (as amended, the "Lease")

Dear Mr. Lee:

We continue to represent SSP in connection with the aforementioned Lease and are writing in reference to the issues that have arisen with respect to a live gas line that was cut by Landlord's contractors during Landlord's repair of the Premises' roof.

During the aforementioned roof repair, Landlord's contractors cut a live gas line located within an exposed pipe near the area such work was being performed. The pipe and gas line have since been repaired, but Landlord has failed to timely pay the invoice for such work, as a result of which, the permit relating to such work remains open. SSP has been informed that the status of this permit will delay SSP's ability to schedule a final inspection of the Premises for purposes of obtaining its Certificate of Occupancy, which, in turn, will delay SSP's receipt of the same and its ability to utilize a significant portion of the Premises for its intended use.

Pursuant to Section 19.1 of the Lease, Landlord is responsible for the actions of its contractors. Further, Landlord's failure to pay the outstanding invoice amounts to a failure of Landlord to have completed the required roof work. Finally, Tenant's inability to utilize the Premises for their intended purpose as a result thereof constitutes a breach of Landlord's covenant of quiet enjoyment, pursuant to Section 19.3.

Based on the foregoing, SSP hereby notifies Landlord that, in the event SSP is delayed in obtaining its final Certificate of Occupancy (by being unable to schedule the final Premises' inspection or otherwise) due to Landlord's failure to timely pay for the pipe repair work referenced above and therefore is unable to use any portion of the Premises for its operations, SSP will ratably abate its Monthly Base Rent (as defined in the Lease) in proportion to the portion of the Premises unusable for SSP's intended purpose, commencing with the next due payment of such Monthly Base Rent.



Seagis JFK LLC
September 16, 2019
Page 2

  SSP hereby reserves all other rights it may have under the Lease, at law or in equity with respect to the foregoing matters.

  Please contact me immediately to resolve these issues.

           Sincerely,

           Jennifer J. Bruton

Copy to:

 Jag Singh, SSP General Counsel – Jag.Singh@foodtravelexperts.com
 Paul Loupakos, SSP VP of Business Development – Paul.Loupakos@foodtravelexperts.com
 Steve Pron, Seagis Senior VP – SPron@seagisproperty.com
 Robert Cameron, Seagis Counsel – robert.cameron@bfkn.com