

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

**Caroline Petro Gately**

T 202.344.4744
F 202.344.8300
cpgately@venable.com

May 28, 2021

**BY ECF**

The Honorable Eric N. Vitaliano
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

       Re:  *SSP America, Inc. v. Seagis JFK LLC*, 1:21-cv-00475-ENV-RER

Dear Judge Vitaliano:

      On behalf of Plaintiff SSP America, Inc., I am writing in response to Defendant Seagis JFK, LLC's pre-motion letter (Doc 12) requesting leave to withdraw its motion to dismiss the original Complaint and to file a motion to dismiss the Amended Complaint.  SSP respectfully submits that a conference may be helpful because it appears that Seagis is playing a game of cat and mouse with the pleadings.

      Seagis sought leave of court to move to dismiss the Complaint on two grounds: (1) SSP's fraudulent inducement claim is duplicative of its breach of contract claim, (Doc 8 pp. 1-2), and (2) SSP failed to allege fraud with particularity as to who, when, where, and how, (*id.* pp. 2-3).  Seagis served its motion to dismiss, making the same arguments.  Seagis did not seek or move to dismiss on the ground that the Complaint failed to allege "reasonable reliance" with particularity.

      SSP filed an Amended Complaint which, like the original Complaint, asserts claims for fraudulent inducement into contract and breach of contract.  However, in response to Seagis's motion, SSP added more particulars to its fraudulent inducement claim as to who, when, where, and how, without prejudice to its position that the original Complaint was sufficient.  (Doc 11.)

      SSP also served an opposition to the motion to dismiss, which is permitted by the Second Circuit Court of Appeals' decision in *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299 (2d Cir. 2020).  In *Pettaway*, the appeals court held that "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."  *Id.* at 303-04.  The court explained that this rule promotes judicial economy by avoiding re-briefing issues.  *Id.* at 303.



The Court should deny Seagis's request for leave to start over a new motion cycle, for two reasons, explained further below. First, having elicited SSP's "cure" of Seagis's complaints regarding particularity, Seagis is trying after-the-fact to add a different particularity complaint. Second, since both the original and amended complaints assert fraudulent inducement and breach of contract claims, Seagis's position that the claims are duplicative has already been briefed, and there is no need for Seagis to re-brief the identical argument.

**(1) Rule 9(b) Argument**

Apparently Seagis agrees that the Amended Complaint is now sufficient as to who, when, where, and how, since Seagis does not seek leave to move to dismiss on that ground again. Instead, Seagis seeks leave to move to dismiss on the new ground that SSP has not alleged "reasonable reliance" with particularity. The Court should deny leave.

SSP alleges facts from which a reasonable inference can be drawn that SSP reasonably relied on the misrepresentations, including the following. Seagis engaged the services of NAI Long Island as its commercial real estate broker to market the premises and to negotiate on its behalf with prospective purchasers. (*Id.* ¶ 16.) Seagis's broker delivered a marketing flyer to SSP's leasing agent that represented the premises as "AVAILABLE: Food Processing Facility." (*Id.* ¶ 17.) The marketing flyer specifically boasted that the premises were a "Level III SQF Facility," which means that the Safety Quality Food Institute has given the facility its highest rating and certification for food quality and safety standards based on the applicant's (Seagis's) representations. (*Id.* ¶ 19.) Seagis promised to repair and maintain the building so that the premises would be suitable for use as a food commissary. (*Id.* ¶¶ 28, 29, 32.) SSP is an airport food and beverage concessionaire, not a real estate company. (*Id.* ¶ 1.) Seagis's marketing materials, representations, and promises were made with intent to induce SSP into entering into a lease. (*Id.* ¶ 30.) SSP reasonably relied on Seagis's misrepresentations and material omissions of fact, not knowing they were untrue, and entered into a lease. (*Id.* 60.) These allegations, along with others in the Amended Complaint, are more than sufficient to support the inference that SSP reasonably relied on Seagis's representations that the premises were suitable as a "food processing facility."



Seagis's argument that SSP's reliance was unreasonable poses a question of fact, not appropriate for resolution on a motion to dismiss. When deciding a Rule 9(b) motion, the Court must "read the complaint generously" and draw reasonable inferences in favor of the plaintiff. *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989); *see also Winston v. Hershey Co.*, No. 19-cv-3735 (ENV) (JO), 2020 WL 8025385, at *2 (E.D.N.Y. Oct. 26, 2020). Rule 9(b) is satisfied if the complaint specifies the false statements, gives particulars as to the respect in which the statements were fraudulent, and states when and where the statements were made and who is responsible for the statements. *Cosmas*, 886 F.2d at 11. There is no requirement that reasonable reliance be pleaded with particularity; rather the particularity requirement applies only to "the circumstances constituting fraud or mistake. . . ." Fed. R. Civ. P. 9(b). None of the authorities Seagis cites requires otherwise.

### (2) Seagis's Argument that Fraud Claim is Duplicative of Breach of Contract Claim

Seagis requests leave to withdraw its motion to dismiss and file a new motion to dismiss the Amended Complaint, to again argue that the fraudulent inducement claim is duplicative of the breach of contract claim as a matter of law. (Doc 12.) The Court should deny Seagis's request because Seagis's argument about duplication of claims is wholly unaffected by the amendment. At best, it is unnecessary and wasteful to re-brief this issue and, at worst, Seagis would obtain an undeserved advantage by getting a second bite at the apple on the duplication argument, having the benefit of SSP's opposition.

The Second Circuit Court of Appeals in *Pettaway* encourages district courts to exercise their discretion to avoid unnecessary re-briefing of issues. The purpose of the rule would be served here by denying Seagis's request to re-brief its argument regarding duplication of claims, while allowing Seagis to file its reply to SSP's opposition on this issue.

Respectfully submitted,

Caroline Petro Gately